# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 14-878V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
HANNAH COMBS,                          *
                                       *        Special Master Corcoran
                 Petitioner,           *
                                       *        Dated: September 19, 2017
v.                                     *
                                       *        Attorney's Fees and Costs;
                                       *        Interim Fees; Expert Costs.
SECRETARY OF HEALTH AND                *
HUMAN SERVICES,                        *
                                       *
                 Respondent.           *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Andrew D. Downing*, Van Cott & Talamante, Phoenix, AZ, for Petitioner.

*Debra A. Begley*, U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]**

On September 22, 2014, Jenny Howard filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] on behalf of her minor daughter, H.C. Petitioner alleges that H.C. suffers from vasovagal syncope as a result of receiving the Human Papillomavirus vaccine on November 9, 2011; February 3, 2012; and September 13, 2012. An entitlement hearing was held on August 1, 2017, in Washington, DC.

Petitioner has now requested an interim award of attorney's fees and costs in the total

---

[1] Although this decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the ruling will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

amount of $96,691.91 (representing $69,863.00 in attorney's fees and $26,828.91 in costs). *See generally* Motion for Interim Attorney's Fees and Expenses, filed August 17, 2017 (ECF No. 46) ("Interim Fees App.").

Respondent reacted to the motion on August 31, 2017, deferring to my discretion as to whether Petitioner has met the legal standards for an interim fees and costs award. ECF No. 47 ("Opp.") at 2. Respondent otherwise represents that the statutory and other legal requirements for an award of attorneys' fees and costs are met, and she recommends that if an interim award is appropriate, I calculate a reasonable award. Opp. at 2-3.

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's Motion, awarding at this time interim fees and costs in the total amount of **$86,798.10**.

**Procedural History**

This action has been pending for roughly three years. Pet. at 1, filed September 22, 2014 (ECF No. 1). As the billing invoices submitted in support of the fees application reveal, Petitioner's attorney, Andrew Downing, Esq., began working on the matter on July 7, 2014, two months before the case was filed. *See* Ex. A to Interim Fees App. (ECF No. 46-1) at 1. The case thereafter proceeded with Petitioner filing her medical records and final statement of completion by February 12, 2015, and Respondent filing her Rule 4(c) Report on April 15, 2015. ECF No. 17.

After two additional extensions of time, Petitioner was able to file an expert report from Dr. Patrick Nemechek on September 29, 2015 (ECF No. 23), along with several pieces of medical literature. ECF Nos. 24-29. Respondent thereafter filed an expert report from Dr. Phillip Low, as well as relevant medical literature, on December 16, 2015. ECF No. 31. Petitioner then filed a supplemental report and additional medical literature from Dr. Nemechek on January 29, 2016 (ECF No. 32).

I subsequently set the matter for an entitlement hearing on August 1, 2017. ECF No. 37. Prior to the hearing, the parties both continued to submit medical literature and additional exhibits. Petitioner filed her pre-hearing brief on April 20, 2017 (ECF No. 39), Respondent filed his pre-hearing submissions on May 26, 2017 (ECF No. 41), and Petitioner filed a reply brief on June 16, 2017 (ECF No. 42). The hearing took place as scheduled.

Petitioner filed the present interim request for an award of attorney's fees and costs on August 17, 2017. *See generally* Interim Fees App. Petitioner chose to file a "short form" request in order to avoid accumulating additional attorney's fees and costs. *Id.* at 1. Petitioner states that the requested hourly rates have previously been found to be reasonable by other special masters, and that no previous interim fees award has been awarded in this matter. *Id.* at 1-2.

Petitioner specifically requests that Andrew Downing be compensated at a rate of $350 per hour for work performed from 2014-2016, and $375 per hour for work performed in 2017. Ex. A to Interim Fees App. at 36. She also requests that associates Courtney Van Cott and Jordan Redman both receive $195 per hour for their work performed from 2014-2017. *Id.* For the work of two paralegals, Petitioner requests compensation at a rate of $100 per hour for work performed from 2014-2016, and $135 per hour for work performed in 2017. *Id.* Petitioner additionally requests $26,828.91 in attorney's costs (for flights, lodging, meals, expert fees, and obtaining medical records). *Id.* at 1, 31-35, 75-77.

## ANALYSIS

### I. Legal Standard Applicable to Interim Fees and Costs Requests

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis (here meaning while the case is still pending). *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6-9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5-9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera*, 515 F.3d at 1352. While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16.

I find that Petitioner has made a showing sufficient to justify an award of interim fees and costs. Criteria that I have found to be important in determining whether an interim fees request should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, *slip op.* at 3 (Apr. 17, 2017). This matter meets all these criteria: it has been pending for roughly three years, the total amount of attorney's fees requested exceeds the minimum threshold that I find to be appropriate, and it is likely Petitioner will continue to incur additional attorney's fees. Petitioner's expert has also testified, making it appropriate to compensate him promptly.

### II. Amounts Requested for Petitioner's Attorneys

3

I must now determine the magnitude of Petitioner's interim attorney's fee award. Whether a fee award is made on an interim basis or after a case's conclusion, the requested sum must be "reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira*, 27 Fed. Cl. at 34 (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[3] on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner asks that the attorneys and paralegals who worked on this matter be reimbursed at varying rates for work performed from 2014-2017, as detailed above. The attorneys practicing at Van Cott & Talamante, located in Arizona, have repeatedly been found to be "in-forum" and therefore justified to the forum rates established in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[4] *See, e.g., Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *7 (Fed. Cl. Spec. Mstr. May 26, 2016) (citing additional cases in which I awarded in-forum rates to Mr. Downing and associates). Recently, two special masters have awarded the specific rates requested herein for the same time periods to Mr. Downing, his associates, and his paralegals in reasoned decisions. *See Brannigan*

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). This "Davis" exception is inapplicable here, however, because I have previously found the attorneys in question should receive forum rates.

[4] The *McCulloch* forum rate ranges have been compiled into a list and posted to the Vaccine Claims section of the United States Court of Federal Claim website. The forum hourly rate fee schedule can be accessed at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters ("OSM Hourly Rate Chart").

4

*v. Sec'y of Health & Human Servs.*, No. 14-675V, 2017 WL 2644696 (Fed. Cl. Spec. Mstr. May 26, 2017); *Bales v. Sec'y of Health & Human Servs.*, No. 15-882V, 2017 WL 2243094 (Fed. Cl. Spec. Mstr. Apr. 26, 2016). I find this reasoning persuasive, and therefore the requested rates will be awarded.

In addition, the majority of the hours expended on this matter (255 hours in total) appear to be reasonable for a case that has lasted roughly three years and required an entitlement hearing. This case has also proceeded in a timely fashion, and Petitioner's attorneys efficiently used their time to collect the necessary medical records and medical literature relevant to this case.

I will, however, make one adjustment to the time awarded for attorney services. On July 30, 2017, and August 2, 2017 Mr. Downing billed 14 hours for travel to and from the entitlement hearing in Washington, DC (7 hours to DC and 7 hours back to Arizona). Ex. A to Interim Fees App. at 10-11. But it is common practice in the Program to compensate hours spent traveling at one-half of the normal hourly attorney rate (although the fact that an attorney is traveling is not dispositive of how to treat such attorney time). *See, e.g., King v. Sec'y of Health & Human Servs.*, No. 03-584V, 2009 WL 2524564, at *4 (Fed. Cl. Spec. Mstr. July 27, 2009); *Kuttner v. Sec'y of Health & Human Servs.*, No. 06-195V, 2009 WL 256447, at *10 (Fed. Cl. Spec. Mstr. Jan. 16, 2009). An award of full attorney's fees for travel is appropriate only if sufficient documentation exists specifying the work performed while traveling. *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010).

The billing invoices reflect only travel time, with little description of any work performed during travel. Ex. A to Interim Fees App. at 10-11. For example, in one entry, Mr. Downing indicated only that he drafted correspondence for the hearing. *Id.* at 10. Further, the return entry, dated August 2, indicated no work at all. *Id.* at 11. Therefore, the lack of documentation of any work being performed during this period demonstrates that these hours do not merit full compensation under Program standards, and the normal practice of awarding half-time for travel should apply. I will therefore award only seven hours to Mr. Downing for his travel to and from the hearing, resulting in a reduction of $2,450.00.

I otherwise do not find any particular billing entries to be objectionable, nor has Respondent identified any as such. Therefore, the remaining hours will be reimbursed in full.

### III.    Requested Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are *reasonable*. *Perreira*, 27 Fed. Cl. at 34; *Presault*, 52 Fed. Cl. at 670. Reasonable costs include the costs of obtaining medical records and expenses incurred while traveling in relation to the claim. *Reginelli v. Sec'y of Health & Human Servs.*, No. 14-972V, 2016 WL 1161309, at *3 (Fed. Cl. Spec. Mstr. Mar. 1, 2016). This also

includes expert time incurred while working on a case. *Fester*, 2013 WL 5367670, at *16. When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

The requested costs can be sorted into several different categories. First, Petitioner requests a total of $18,725.00 for Dr. Nemechek's expert work on this matter. Ex. A to Interim Fees App. at 33. Petitioner next asks for $2,485.43 in airfare expenses, as well as $3,208.20 in lodging costs during the entitlement hearing in DC, for Ms. Howard, Dr. Nemechek, and Mr. Downing. *Id.* at 34-35, 57-62. In connection with meals eaten during the entitlement hearing, Petitioner asks for $1,138.11. *Id.* at 34-35, 66-72. Petitioner requests $320.47 for cabs and parking costs associated with travel from the airport to the Court, for both himself and Dr. Nemechek. *Id.* at 34-35, 64-65. Finally, Petitioner requests a total of $850.82 (representing the filing fee, postage costs, photocopy and fax charges, medical records, and legal research costs). *Id.* at 31-35.

Dr. Nemechek charged an hourly rate of $350 for 20 hours of hearing testimony and preparation, plus $350 for 16.5 hours of travel time. Ex. A to Interim Fees App. at 55. As noted above, however, special masters commonly award compensation for travel at 50% of the established billing rate.[5] The billing invoices reflect only travel time, with no description of any work performed. Ex. A to Interim Fees App. at 55. Therefore, the lack of documentation of any work being performed during this period demonstrates that these hours do not merit full compensation under Program standards, and the normal practice of awarding half-time for travel will apply. I will therefore award only $2,887.50 for Dr. Nemechek's 16.5 hours of travel at a rate of $145/hour.

Further, I find Dr. Nemechek's total hours billed for hearing testimony and preparation to be somewhat unreasonable. Dr. Nemechek provided some useful testimony, but was overall less qualified to opine as to the nature and treatment of Petitioner's injuries than Respondent's expert, and thus some of his time devoted to the matter was not warranted. I will award Dr. Nemechek only five hours for hearing preparation and eight hours for his testimony in the one-day hearing in DC (reflecting the lesser of the hearing day), rather than the requested 20 hours, resulting in a reduction of $2,450.00. In total, I will reduce Dr. Nemechek's fees by $5,337.50 (representing $2,887.50 in travel reductions and $2,450.00 in hearing testimony and preparation reductions).

---

[5] *See Kuttner v. Sec'y of Health & Human Servs.*, No. 06–195V, 2009 WL 256447, *10 (Fed. Cl. Spec. Mstr. Jan. 16, 2009); *Carter v. Sec'y of Health & Human Servs.*, No. 04–1500V, 2007 WL 2241877, *6 (Fed. Cl. Spec. Mstr. Jul. 13, 2007)*; Scoutto v. Sec'y of Health & Human Servs.*, No. 90–3576, 1997 WL 588954, *5 (Fed. Cl. Spec. Mstr. Sept. 5, 1997); *Hocraffer v. Sec'y of Health & Human Servs.*, No. 99–533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06–559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01–61V, 2006 WL 3419805, at *12–13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006); *Day v. Sec'y of Health & Human Servs.*, No. 12-630V, 2017 WL 3381049, at *3 (Fed. Cl. July 11, 2017).

Some of the travel-related costs pose additional problems. First, Petitioner requests reimbursement for airport parking for Dr. Nemechek from July, 28 to August 3. *See* Ex. A to Interim Fees App. at 73. Dr. Nemechek departed from the Phoenix airport on July 30, and returned late on August 2; thus, Dr. Nemechek's parking fee will be adjusted to reflect payment only for July 30 – August 2, resulting in a deduction of $30.00. Second, Petitioner requests $1,244.11 for meal expenses relating to counsel and expert travel while in DC. *See* Ex. A to Interim Fees App. at 34-35, 66-72. I find this amount to be unreasonable and consistent with Chief Special Master Dorsey's findings in *Dayton*, I will reduce the meals request to $69.00 per day for Petitioner, expert and counsel, an amount reflective of the 2017 federal per diem rates for meal and incidental expenses in DC. *See Dayton v. Sec'y of Health and Human Servs.*, No. 15-0589V, 2016 WL 8377512, at *1 (Fed. Cl. Spec. Mstr. Nov. 17, 2016). Thus, I will award only $722.88 for meal expenses (representing the per diem rate for Petitioner, counsel, and expert for a total of 4 days travel), resulting in a deduction of $416.11.

In addition, Petitioner requests $3,208.20 for lodging expenses for Petitioner, counsel, and expert during the one-day hearing in DC, reflecting hotel charges averaging $304.95 per person.[6] *See* Ex. A to Interim Fees App. at 35, 52-54. I find this amount to be unreasonable when compared to the federal per diem rate for lodging. Thus, I will reduce the lodging request to $172.00 per day per person for Petitioner, expert, and counsel, reflective of the 2017 federal per diem rate for lodging expenses in DC. I will award only $1,548.00 (representing the per diem rate for Petitioner, counsel, and expert, for a total of 3 nights lodging), resulting in a reduction of $1,660.20.

The remainder of the requested litigation costs, representing payments made for filing fees, medical records, copying costs, and approved travel-related expenses, appear to be reasonable and will be reimbursed in full. Therefore, I will award a total of $20,945.30 in costs.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Interim Attorney's Fees, as follows:

|  | **Amount Requested** | **Reduction** | **Total Awarded** |
|---|---|---|---|
| **Attorney's Fees** |  |  |  |
| Mr. Downing | $51,555.00 | $2,450.00 | $49,105.00 |
| Ms. Van Cott | $7,332.00 | None | $7,332.00 |

---

[6] According to the billing record, the room charges varied each night of the stay. *See* Ex. A to Interim Fees App. at 52-54. The $304.95 average represents charges ranging from $178.62, $333.20, and $403.04 per night respectively. *Id.*

| | | | |
|---:|---:|---:|---:|
| Mr. Redman | $6,805.50 | None | $6,805.50 |
| Mr. Cain | $1,878.00 | None | $1,878.00 |
| Ms. Avery | $2,392.50 | None | $2,392.50 |
| **Litigation Costs** | | | |
| Dr. Nemechek | $18,725.00 | $5,337.50 | $13,387.50 |
| Airfare | $2,485.43 | None | $2,485.43 |
| Lodging | $3,208.20 | $1,660.20 | $1,548.00 |
| Meals | $1,138.99 | $416.11 | $722.88 |
| Parking and Transportation | $320.47 | $30.00 | $290.47 |
| Filing Fees, Copies, Faxes, Printing | $850.82 | None | $850.82 |

I therefore award a total of **$86,798.10** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Andrew Downing, Esq., representing attorney's fees in the amount of $67,513.00, plus costs in the amount of $19,285.10.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[7]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.