# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-878V
(Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| HANNAH COMBS, | * | Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed: April 23, 2018 |
| | * | |
| v. | * | Decision; Final Attorney's Fees and |
| | * | Costs. |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Debra A. Filteau Begley*, U. S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On September 22, 2014, Jenny Howard filed a petition on behalf of her minor child, Hannah Combs, seeking compensation under the National Vaccine Injury Compensation Program.[2] The case caption was subsequently changed when Petitioner turned eighteen. In the petition, Ms. Combs alleged that she suffered from vasovagal syncope as a result of receiving the Human Papillomavirus vaccine on November 9, 2011; February 3, 2012; and September 13, 2012. The matter was tried on August 1, 2017, and I denied an award of entitlement in my Decision dated February 15, 2018. ECF No. 55. The Decision was not appealed, and judgment has entered.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Petitioner has sought an interim fees and costs award in this case before.[3] She has now filed a final request for attorney's fees and costs, dated April 2, 2018. ECF No. 59 ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the amount of $2,383.76 (representing $2,346.50 in attorney's fees for work performed on this matter between August 2017 and March 2018, plus $37.26 for costs relating to photocopy and postage charges). *See generally* Ex. A to Fees App. (ECF No. 59-1). Respondent filed a brief reacting to Petitioner's fees request on April 23, 2018, disclaiming any role in resolving the propriety of the fees request, but acknowledging that the statutory requirements for an award of attorney's fees and costs in this case have been met. ECF No. 60.

The First Interim Fees Decision sets forth the law applicable to the present request. *See* Decision, dated September 19, 2017 (ECF No. 51) ("First Interim Fees Dec."). It also specifically addresses the propriety of the hourly rates sought by Petitioner's counsel, as well as similar costs requested. First Interim Fees Dec. at 4-5, 7. I adhere to my prior determination in resolving the present fees request.

Here, although Petitioner was not successful in pursuing her claim, I find that the matter had sufficient reasonable basis to justify a final award of fees (and Respondent has not argued otherwise). I also find the hourly rates requested for counsel to be reasonable overall, in light of my prior fees award. I find the 2018 increases requested for Mr. Downing ($385 per hour) and Ms. Van Cott ($195 per hour) to be reasonable and consistent with the Hourly Rate Fee Schedule set forth by the Office of Special Masters.[4] In addition, Special Master Gowen recently awarded the increased rates requested herein for Mr. Downing and Ms. Vann Cott for 2018. *See Randolph v. Sec'y of Health & Human Servs.*, No. 15-146V, 2018 WL 1310477, at *4 (Fed. Cl. Spec. Mstr. Feb. 13, 2018). I will thus compensate both counsel for their work in 2018 at the increased rate.

Having reviewed the invoice submitted with the present request, I determine that the time devoted to the matter for the six-month period in question was reasonable, and therefore should not be subjected to further adjustment. Likewise, the requested costs are reasonable and will be awarded.

---

[3] On August 17, 2017, Petitioner filed her initial request seeking an interim award of $96,691.91 in total. *See* First Motion for Interim Attorney's Fees and Expenses, dated Aug. 17, 2017 (ECF No. 46). I granted this motion in part, awarding interim fees and costs of $86,798.10. *See* Decision, dated September 19, 2017 (ECF No. 51) ("First Interim Fees Dec."). The fees and costs reductions in Petitioner's first motion were limited to travel and expert expenses (both of which are not requested in the present and final fees and costs motion).

[4] *See* Office of Special Masters Attorneys' Hourly Rate Fee Schedule: 2018, https://www.uscfc.uscourts.gov/node/2914 (last accessed on Apr. 23, 2018).

Accordingly, I hereby **GRANT** Petitioners' Motion for attorney's fees, and award a total of **$2,383.76** as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Andrew Downing, Esq.

The clerk of the Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment may be expedited by the parties' joint filing of notice renouncing the right to seek review.